RAFAEL ROMÁN QUIJANO, peticionario, *v.* JOSÉ GONZÁLEZ LEBRÓN, Alcaide de la Cárcel de Distrito de Arecibo, demandado.

Núm. 423.—*Sometido:* Diciembre 17, 1943. *Resuelto:* Diciembre 17, 1943.(¹)

(¹) NOTA: La solicitud se declaró con lugar en diciembre 17, 1943, a reserva de archivar la corte oportunamente su opinión en el caso, lo que hizo en febrero 10, 1944.

*F. Hernández Vargas,* abogado del peticionario; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández,* abogados del demandado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La presente es una solicitud para que se expida un acto de hábeas corpus radicada originalmente ante esta corte. Expedimos el auto preliminar debido a que una petición similar había sido denegada por la corte de distrito y la apelación contra la misma sería académica para la fecha en que se celebrara la vista ante esta corte siguiendo el trámite ordinario.

El peticionario fué convicto ante la corte de distrito de los delitos de portar armas y alterar la paz. Se le sentenció a sesenta días de cárcel por cada delito, pero la corte inferior dispuso que estas sentencias serían cumplidas concurrentemente.

El peticionario fué convicto originalmente de estos delitos en la corte municipal. Mientras estaban pendientes sus recursos de apelación ante la corte de distrito, estuvo en la cárcel en sumaria durante treinta y cinco días debido a que no pudo prestar fianza. Bajo tales circunstancias, se admite que, de conformidad con la sección 1 de la ley del 14 de marzo de 1907 (Código de Enjuiciamiento Criminal, ed. 1935, pág. 235), tenía derecho a que se le acreditaran los treinta y cinco días que había estado en sumaria.

Sin embargo, el alcaide asumió la posición de que tenía derecho a que se le hiciera el abono en una sola de las sentencias. Esta posición es insostenible. La sección 2 de la Ley núm. 108, Leyes de Puerto Rico 1943, dispone que "el juez podrá determinar, al pronunciar la sentencia, si el término de prisión impuesto en la misma deberá cumplirse consecutivamente o si, por el contrario, dicho término de prisión deberá cumplirse concurrentemente con cualquiera o cualesquiera otros términos de prisión." La corte de distrito, de

conformidad con esta sección, expresamente dispuso que las dos sentencias de sesenta días aquí envueltas se cumplirían concurrentemente. El efecto práctico de tal disposición es que el acusado de hecho solamente cumpla sesenta días de cárcel. Pero si se le permite al alcaide, como en el presente caso, que abone los treinta y cinco días que estuvo el acusado en sumaria a una sola de las sentencias, estaría el alcaide obligando al peticionario a cumplir sesenta días más treinta y cinco días. Esto obviamente sería contrario a la sentencia de la corte inferior y a las leyes envueltas.

Para la fecha en que se celebró la vista ante esta Corte, el peticionario había ya cumplido sesenta días, de dársele crédito por los treinta y cinco días que cumplió en sumaria mientras estuvo pendiente su apelación de la corte municipal a la de distrito. *Por tanto se declaró con lugar la petición solicitando un auto de hábeas corpus y se ordenó se pusiera en libertad al peticionario.*